PETER RAGONE, ESQ. (PR-6714)
ANTHONY L. COTRONEO, ESQ. (TC-0361)
ROSNER, NOCERA & RAGONE, LLP
110 Wall Street-23rd Floor
New York, New York 10005
Tel: (212) 635-2244
Fax: (212) 635-0533



Attorney for Plaintiff
Bonita Packing Co. d/b/a Bonipak
Produce Company

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BONITA PACKING CO. d/b/a BONIPAK PRODUCE COMPANY, | § § § | CASE NO. Judge: |
| Plaintiff, | § § | |
| v. | § § | |
| THE ALPHAS COMPANY OF NEW YORK, INC., THE ALPHAS COMPANY, INC., PETER S. ALPHAS and JOHN S. ALPHAS a/k/a YANNI ALPHAS | § § § § § | **COMPLAINT** |
| Defendants. | § § | |

     Plaintiff, BONIPAK PRODUCE COMPANY brings this civil action against THE ALPHAS COMPANY OF NEW YORK, INC., THE ALPHAS COMPANY, INC., PETER S. ALPHAS and JOHN S. ALPHAS a/k/a YANNI ALPHAS for damages and alleges as follows:

## I.

## JURISDICTION AND VENUE

    1.    This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §1331 because Plaintiff's causes of action are based upon a law of the United

States, namely, Perishable Agricultural Commodities Act of 1930 ("PACA"), as Amended, 7 U.S.C. §499e, authorizing the enforcement of payment from the PACA trust by a trust beneficiary and damages for unlawful conduct under PACA.

2.    Venue properly lies in this judicial district under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## II.

## THE PARTIES

3.    Plaintiff is BONIPAK PRODUCE COMPANY ("Bonipak"), who is and at all times material herein was a corporation organized to do and doing business under the laws of California, with its principal place of business located in the City of Santa Maria, State of California.

4.    Plaintiff is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce.

5.    The defendants are as follows:

A.    Defendant THE ALPHAS COMPANY OF NEW YORK, INC. ("Alphas-NY"), is a New York corporation with its principal place of business in Bronx, New York, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of PACA and licensed thereunder as a dealer.

B.    Defendant THE ALPHAS COMPANY, INC. ("Alphas-MA") is a Massachusetts corporation with its principal place of business in Chelsea, Massachusetts, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of PACA and licensed thereunder as a dealer

C.    PETER S. ALPHAS ("PSA") is an individual who, at all relevant times, on information and belief, was an officer and/or director of Alphas-MA and an officer and/or director of Alphas-NY.

D.    Defendant JOHN S. ALPHAS aka YANNI ALPHAS ("JSA") is an individual who, at all relevant times, on information and belief, was an officer and/or director of Alphas-MA and an officer and/or director of Alphas-NY.

Defendants PSA and JSA will be collectively referred to as the "Individual Defendants." Defendants Alphas-NY and Alphas-MA and the Individual Defendants will be referred to collectively as the "Defendants."

### III.

### BACKGROUND

6.    Defendants Alphas-MA and Alphas-NY are engaged in the business of selling wholesale quantities of fresh fruit and vegetables in interest commerce.

7.    Defendants Alphas-MA and Alphas-NY do not have sufficient assets to pay their PACA trust creditors, including Plaintiff herein, in full.

8.    At all times relevant herein, Defendants Alphas-MA, JSA and PSA were engaged in the handling of produce in interstate commerce as commission merchants, dealers and/or brokers, operating under PACA license number 20000068, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

9.    At all times relevant herein, Defendants Alphas-NY, JSA and PSA were engaged in the handling of produce in interstate commerce as commission merchants, dealers and/or brokers, operating under PACA license number 20011143, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

10.    Plaintiff is informed and believes and thereon alleges that Defendants JSA and PSA are principals of Defendants Alphas-MA and Alphas-NY.

11.    Plaintiff is informed and believes and thereon alleges that Defendants PSA and JSA are and at all times relevant herein were officers and/or directors of Defendant Alphas-MA, and in that capacity, controlled or were in positions to control the

disposition of Alphas-MA's assets, including its PACA trust assets, over which Defendants PSA and JSA owe a continuing statutory fiduciary duty to Plaintiff.

12.     Plaintiff is informed and believes and thereon alleges that Defendants PSA and JSA are and at all times relevant herein were officers and/or directors of Alphas-NY and in that capacity, controlled or were in positions to control the disposition of Alphas-NY's assets, including its PACA trust assets, over which Defendants PSA and JSA owe a continuing statutory fiduciary duty to Plaintiff.

## IV.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

13.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 12, inclusive, of this Complaint as though fully set forth herein.

14.     At all times relevant herein, Defendants Alphas-MA and Alphas-NY were engaged in the buying and selling of perishable agricultural commodities in interstate and/or foreign commerce as commission merchants, dealers and/or brokers, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

15.     In a series of transactions, from July 25, 2009 through August 31, 2009, Plaintiff sold and shipped perishable agricultural commodities to Defendant Alphas-MA at Alphas-MA's request for which Alphas-MA agreed to pay Plaintiff in the principal amount at least as great as the sum of $59,311.28.

16.     In a series of transactions, from July 23, 2009 through September 30, 2009, Plaintiff sold and shipped perishable agricultural commodities to Defendant Alphas-NY at Alphas-NY's request for which Alphas-NY agreed to pay Plaintiff in the principal amount at least as great as the sum of $143,569.69.

17.     At or about the date of each transaction described above, Plaintiff forwarded to Alphas-MA invoices for said transactions setting forth in detail the amounts owed by

said Defendant Alphas-MA for Defendant's purchase of the commodities. Plaintiff has repeatedly demanded that Defendant Alphas-MA pay the amounts due and owing under the invoices, cumulatively totaling the principal amount of at least $59,311.28; however, Defendants have failed and refused and continue to fail and refuse to pay Plaintiff for the produce purchased by Alphas-MA.

18.    At or about the date of each transaction described above, Plaintiff forwarded to Alphas-NY invoices for said transactions setting forth in detail the amounts owed by said Defendant Alphas-NY for Defendant's purchase of the commodities. Plaintiff has repeatedly demanded that Defendant Alphas-NY pay the amounts due and owing under the invoices, cumulatively totaling the principal amount of at least $143,569.69; however, Defendants have failed and refused and continue to fail and refuse to pay Plaintiff for the produce purchased by Alphas-NY.

19.    Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

20.    As a direct and proximate result of the failure of Defendant Alphas-MA and Defendant Alphas-NY to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the cumulative principal amount of at least $202,880.97, plus recoverable finance charges and attorneys' fees pursuant to written terms of sale.

## V.

## SECOND CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

21.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth herein.

22.    Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C.

§499a(4)] and operated its business subject to PACA license number 19203242 issued by the United States Department of Agriculture – PACA Branch.

23.     The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

24.     Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA, upon receipt of the perishable agricultural commodities sold by Plaintiff to Defendants Alphas-MA and Alphas-NY, Defendants Alphas-MA and Alphas-NY became trustees of the PACA trust for the benefit of Plaintiff in the amount of $202,880.97. The PACA trust consists of all Defendants' inventories of perishable agricultural commodities, all inventories of food or products derived from said commodities, all accounts receivables and other proceeds from the sale of such commodities, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

25.     Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff preserved its trust benefits in the total amount of at least $202,880.97 by including the statutory language of 7 U.S.C. §499e(c)(4) on the face of each of its invoices for the Produce sold to Defendants Alphas-MA and Alphas-NY, and by sending those invoices to Defendants Alphas-MA and Alphas-NY, respectively.

26.     Defendants Alphas-MA and Alphas-NY have failed to pay Plaintiff for the Produce they purchased in spite of Plaintiff's repeated demands.

27.    Pursuant to PACA 7 U.S.C §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from the PACA Trust Assets of Defendants Alphas-MA and Alphas-NY.

28.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $202,880.97, plus recoverable finance charges and attorneys' fees, all of which qualifies for protection under the PACA trust.

## VI.

### THIRD CAUSE OF ACTION

### (Violation of PACA: Failure to Maintain PACA Trust Assets Against All Defendants)

29.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth herein.

30.    Plaintiff is informed and believes, for the reasons alleged at paragraphs 3 through 12 above, and on that basis hereby alleges that Defendants are statutory trustees under PACA.  The PACA trust requires Defendants to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.

31.    Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the PACA Trust Assets and keep them available to satisfy Defendants' obligations to Plaintiff in violation of the provisions of the PACA, 7 U.S.C. §499(b)(4) and the regulations promulgated by the Secretary of Agriculture, 7 C.F.R. §46.46.

Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

32.    Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from the sale of perishable agricultural commodities to their own use and/or to an unknown third party or parties in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff.  [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of such commodities or products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

33.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $202,880.97, plus recoverable finance charges and attorneys' fees, all of which qualifies for protection under the PACA trust.

## VII.

## FOURTH CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly Against All Defendants)

34.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

35.    Defendants Alphas-MA and Alphas-NY received each of the shipments identified above.

36.    PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

37.    Plaintiff has repeatedly demanded that Defendants Alphas-MA and Alphas-NY pay their respective shares of the amount totaling $202,880.97 for Produce sold and delivered to Defendants Alphas-MA and Alphas-NY as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the commodities sold, and have diverted PACA Trust Assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

38.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiffs have suffered the cumulative loss of $202,880.97, plus recoverable finance charges and attorneys' fees.

## VIII.

## FIFTH CAUSE OF ACTION

### (Breach of Fiduciary Duty to PACA Trust Beneficiary Against The Individual Defendants)

39.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 38, inclusive, of this Complaint as though fully set forth herein.

40.    At all times relevant to this action, Defendant JSA was the President and Director of Defendant Alphas-MA, and the Vice-President of Defendant Alphas-NY.

41.    At all times relevant to this action, Defendant PSA was the President, Secretary and Treasurer of Defendant Alphas-NY, and the Secretary, Treasurer and Director of Defendant Alphas-MA.

42.    As controlling officers and/or directors of Defendants Alphas-MA and Alphas-NY, Defendants JSA and PSA (the "Individual Defendants") had a duty to ensure that Defendants Alphas-MA and Alphas-NY fulfilled their duties as PACA trustees, and that they maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

43.    The Individual Defendants had full knowledge and responsibility for the handling of Defendants Alphas-MA's and Alphas-NY's duties as trustees of the PACA

trust.

44.    The Individual Defendants controlled or had a duty to control the operations and financial dealings of Defendants Alphas-MA and Alphas-NY, including those involving the PACA Trust Assets.

45.    Defendants Alphas-MA and Alphas-NY breached their fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

46.    The Individual Defendants breached their fiduciary duties to direct Defendants Alphas-MA and Alphas-NY to fulfill their duties as PACA trustees to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce it supplied to Defendants Alphas-MA and Alphas-NY.

47.    As a direct and proximate cause and result of the Individual Defendants' breach of fiduciary duty, the Plaintiff has incurred damages in the amount of $202,880.97, plus recoverable finance charges and attorneys' fees, all of which qualifies for protection under the PACA trust.

48.    The Individual Defendants are personally liable to Plaintiff for breaching their fiduciary duty in dissipating the PACA trust to the extent of $202,880.97, plus, recoverable finance charges interest and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## IX.

## SIXTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

49.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 48, inclusive, of this Complaint as though fully set forth herein.

50.     Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants Alphas-MA and Alphas-NY by Plaintiff, and/or the proceeds there from, valued in the amount of at least $202,880.97.

51.     If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, it will be unjustly enriched to the detriment of Plaintiff.

52.     As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the amount of at least $202,880.97.

## X.

## SEVENTH CAUSE OF ACTION

### (For Conversion and Unlawful Retention of PACA Trust Assets Against All Defendants)

53.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 52, inclusive, of this Complaint as though fully set forth herein.

54.     At all times relevant herein, Plaintiff was and currently is, entitled to possession of the specific sums as alleged herein in the total amount of at least $202,880.97.

55.     Plaintiff has repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused and continue to fail and refuse to turn over such sums of money to Plaintiff.

56.     Plaintiff is informed and believes and thereon alleges that the Individual Defendants have diverted payments of Defendants Alphas-MA's and Alphas-NY's accounts receivable, assets of the PACA trust and monies due and owing to Plaintiff to themselves and/or to other unknown third parties.

57.     Upon information and belief, the Individual Defendants diverted these PACA Trust Assets in breach of the PACA trust.

58.     The Individual Defendants continue to hold any and all PACA Trust Assets having come into their individual possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

59.     As a direct and proximate result of Defendants' receipt of PACA Trust Assets, the Plaintiff has incurred damages in the amount of $202,880.97, plus recoverable finance charges and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

**XI.**

**EIGHTH CAUSE OF ACTION**

**(For Declaratory Relief Against All Defendants)**

60.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 59, inclusive, of this Complaint as though fully set forth herein.

61.     An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that Plaintiff contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiffs is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of

the statutory trust provisions.

62.    Plaintiff seeks an Order of this Court declaring that Plaintiff's PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a beneficiary.  Plaintiff would show that any perfected security interest which a third party might have in the accounts receivable, inventory or proceeds of Defendants Alphas-MA and Alphas-NY is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

63.    Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claim under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to the accounts receivable, inventory and the proceeds thereof of Defendants Alphas-MA and Alphas-NY; and, (3) that only funds in excess of the trust funds necessary to pay the Plaintiff, a PACA trust beneficiary, are property of Defendants or the estate of Defendants, and possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## XII.

## NINTH CAUSE OF ACTION

### (Fees, Costs and Interest and/or Finance Charges Against All Defendants)

64.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 63, inclusive, of this Complaint as though fully set forth herein.

65.    Defendants and each of them were required to maintain the PACA trust and to make full payment promptly to Plaintiff for the sums due under the trust as set forth herein.

66.    As a result of Defendants' failure to maintain the PACA trust and to make full payment promptly to Plaintiff, Plaintiff has been required to pay attorneys' fees and costs to bring this action and to enforce its PACA trust rights against Defendants, thereby losing use of said money.

67.    Plaintiff will not receive full payment as required under PACA to the extent Plaintiff must expend sums on attorneys' fees and costs incurred with enforcing its PACA trust rights against Defendants herein.

68.    Plaintiff's invoices confirming the terms of the sales transactions between Plaintiff and Defendants Alphas-MA and Alphas-NY contain written provisions providing for recovery of finance charges and/or interest at the rate of 1.5% per month or 18% per annum on all unpaid invoices from the date payment was due until paid in full, which provisions were bargained-for terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

69.    Plaintiff's invoices confirming the terms of the sales transactions between Plaintiff and Defendants Alphas-MA and Alphas-NY contain written provisions providing for recovery of costs and attorneys' fees, which provisions were bargained-for

terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION

### (For Breach of Contract)

1.    For damages in the amount of $59,311.28 as against Defendant Alphas-MA and in the amount of $143,569.69 against Defendant Alphas-NY, for a cumulative total of $202,880.97;

2.    For interest and/or finance charges thereon at contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Plaintiff until fully paid;

3.    For reasonable attorneys' fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

1.    For an order requiring Defendants to immediately turn over to the Plaintiff, as a PACA trust beneficiary, an amount of the PACA Trust Assets equal to the sum of $202,880.97, plus interest at the contractual rate of 18% per annum, or at the highest legal rate from the date each invoice became past due, costs and attorneys' fees; and,

2.    For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### (For Violation of PACA: Failure to Maintain PACA Trust Assets Against All Defendants)

1.     For damages in the cumulative amount of $202,880.97 as against all Defendants;

2.     For interest and/or finance charges thereon at rate of contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Plaintiff until fully paid;

3.     For reasonable attorneys' fees and costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly Against All Defendants)

1.     For an order requiring Defendants to immediately account for and to immediately pay Plaintiff the sum of $202,880.97, plus interest at the contractual rate of 18% per annum, or at the highest legal rate from the date each invoice became past due, costs and attorneys' fees; and

2.     For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty to PACA Trust Beneficiary Against The Individual Defendants)

1.     For judgment, jointly and severally, against the Individual Defendants and in favor of the Plaintiff in the amount of $202,880.97, plus interest at the contractual rate

of 18% per annum, or at the highest legal rate from the date each invoice became past due, costs and attorneys' fees, less any monies received from Defendants Alphas-MA and Alphas-NY; and

2.    For such other and further relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

1.    For damages in the amount of $59,311.28 as against Defendant Alphas-MA and in the amount of $143,569.69 against Defendant Alphas-NY, for a cumulative total of $202,880.97;

2.    For interest and/or finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Plaintiff until fully paid;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

## SEVENTH CAUSE OF ACTION

### (For Conversion and Unlawful Retention of PACA Trust Assets Against All Defendants)

1.    For an order requiring the Individual Defendants to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $202,880.97;

2.      For interest and/or finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Plaintiff until fully paid;

3.      For punitive damages in an amount to be proved at the time of trial;

4.      For reasonable attorney's fees and costs of suit incurred herein; and,

5.      For such other and further relief as the Court may deem just and proper.

## EIGHTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

1.      For a declaratory judgment establishing that:

(a)     The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b)     The Plaintiff's trust claim under the PACA amendment is superior to and takes priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c)     Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2.      For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the sums of $202,880.97;

3.      For interest or finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Plaintiff until fully paid; and,

4.   For attorneys' fees and costs of suit incurred; and,

5.   For such other and further relief as this Court deems proper.

## NINTH CAUSE OF ACTION

### (For Interest and/or Finance Charges and Attorneys' Fees)

1.   For interest or finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Plaintiff until fully paid;

2.   For attorneys' fees and costs of suit incurred; and,

3.   For such other and further relief as this Court deems proper.

Respectfully Submitted,

DATED: November 6, 2009          By: _____
                                      PETER RAGONE, ESQ. (PR-6714)
                                      ANTHONY L. COTRONEO, ESQ. (AC-0361)
                                      ROSNER, NOCERA & RAGONE, LLP
                                      110 Wall Street-23rd Floor
                                      New York, New York 10005
                                      Tel: (212) 635-2244
                                      Fax: (212) 635-0533

                                      Attorneys for Plaintiff Bonita Packing Co.
                                      d/b/a Bonipak Produce Company