/A)SEC,S/

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-30-09
```

PETER RAGONE, ESQ. (PR-6714)
ANTHONY L. COTRONEO, ESQ. (TC-0361)
ROSNER, NOCERA & RAGONE, LLP
110 Wall Street-23rd Floor
New York, New York 10005
Tel: (212) 635-2244
Fax: (212) 635-0533

Attorney for Plaintiff
Bonita Packing Co. d/b/a Bonipak
Produce Company

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BONITA PACKING CO. d/b/a BONIPAK PRODUCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE ALPHAS COMPANY, INC., THE ALPHAS COMPANY OF NEW YORK, INC., PETER S. ALPHAS and JOHN S. ALPHAS a/k/a YANNI ALPHAS,<br><br>Defendants. | CASE NO. 09-CV-9260<br><br>Judge: P. Kevin Castel<br><br>**STIPULATION AND ORDER** |

Plaintiff, BONITA PACKING COMPANY d/b/a BONIPAK PRODUCE COMPANY ("Bonipak") and Defendants, THE ALPHAS COMPANY, INC. ("Alphas-MA"), THE ALPHAS COMPANY OF NEW YORK, INC. ("Alphas-NY"), PETER S. ALPHAS ("PSA") and YANNI ALPHAS a/k/a JOHN S. ALPHAS ("JSA") (PSA and JSA referred to as "the Individual Defendants") (collectively, Alphas-MA, Alphas-NY and the Individual Defendants referred to as the "Defendants") by and through their attorneys, consent, agree and stipulate to the following:

1. BONITA PACKING COMPANY d/b/a BONIPAK PRODUCE COMPANY ("Bonipak") is a valid trust beneficiary of the Defendant Alphas-MA, JSA and PSA under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA") 7 U.S.C. §499e(c), in the principal amount of $34,729.56, plus accrued finance charges totaling $3,032.07 through November 19, 2009, calculated at the contractual rate of 18% per annum for an aggregate total of $37,761.63.

2. Bonipak is a valid trust beneficiary of the Defendant Alphas-NY, JSA and PSA under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA") 7 U.S.C. §499e(c), in the principal amount of $127,985.25, plus accrued finance charges totaling $5,530.77 through November 19, 2009, calculated at the contractual rate of 18% per annum for an aggregate total of $133,516.02.

3. Defendants shall pay to Plaintiff the sums as set forth in the separately executed Confidential Settlement Agreement, which is referenced and incorporated herein.

4. If Defendants are default of their obligations as defined by the Confidential Settlement Agreement, they shall have the right to cure such default by paying the delinquent balance due and owing Bonipak by Cashier's Check in the amount due within three (3) business days after notice of such default is sent to Defendants' via facsimile at (617) 884-5932 and (718) 378-3058, with such notice to be effective upon delivery. In the event that a default occurs because the funds necessary to honor the payment are unavailable or insufficient for any reason, Defendants' curative payment shall include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

5. If Defendants are default of their obligations as defined by the Confidential Settlement Agreement, and do not cure such default as provided therein, and upon the filing of a declaration as to such default by Plaintiff's attorney with the Court with a copy thereof to Defendants, it is agreed that this Court shall immediately enter a Final Order and Judgment in the

form attached hereto as **Exhibit 1**. The judgment amount in favor of Plaintiff and against Defendants, jointly and severally, shall be the full stated amount, plus any additional attorneys' fees and accrued finance charges as contemplated by the Confidential Settlement Agreement, less any payments made to Plaintiff.

6. Nothing in The Parties' agreement on this Stipulation and Order shall in any way prejudice Plaintiff's standing as a PACA trust creditor as set forth in paragraphs 1 and 2, above. The original credit terms between the Parties are not intended to be modified, nor are they modified by this Stipulation and Order. Nothing herein, nor the installment nature of any payments being made hereunder, shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Stipulation and Order are in addition to its rights under said trust.

7. Defendants hereby waive any and all defenses, set offs or counterclaims to Plaintiff's claim.

8. This Stipulation and Order may be executed by the Parties or by the Parties' authorized counsel acting with active authority from their principal in Counterparts.

9. This Stipulation and Order contains the entire agreement between the parties with respect to the matter set forth herein, and may not be changed or terminated orally.

10. The Stipulation and Order may be executed by facsimile signature, each of which shall be deemed an original signature. The Stipulation may be executed in any number of counterparts and collectively, all signed Counterparts represent one agreement

11. The Parties acknowledge having had the opportunity to discuss this Stipulation and Order with their respective attorneys, and that they have availed themselves of that

opportunity to the extent they have desired to do so.

12. The Defendants hereby submit to the jurisdiction of the Court and acknowledge that the Court has jurisdiction over them. Further, the Court shall retain jurisdiction over the parties during the pendency of the application of this Stipulation and Order.

13. This case shall be administratively closed, but may be reopened to enforce the terms of the Stipulation and Order.

SO STIPULATED AND AGREED:

BONITA PACKING COMPANY d/b/a
BONIPAK PRODUCE COMPANY

DATED: 11/23/09    By: _____
Mitchell Ardantz,
Vice President of Sales & Marketing

THE ALPHAS COMPANY, INC.

DATED: 11/23/09    By: _____
John S. Alphas, President

THE ALPHAS COMPANY OF NEW YORK, INC.

DATED: 11/23/09    By: _____
Peter S. Alphas, President

DATED: 11/23/09    _____
Peter S. Alphas,
Individually

DATED: 11/23/09    _____
John S. Alphas aka Yanni Alphas,
Individually

09-349 / Stipulation and Order    4

APPROVED AS TO FORM AND CONTENT:

ROSNER, NOCERA & RAGONE, LLP

By: /s/
Peter Ragone, Esq. (PR-6714)
Anthony L. Controneo, Esq. (AC-0361)
110 Wall Street-23rd Floor
New York, New York 10005
Tel: (212) 635-2244
Fax: (212) 635-0533

RYNN & JANOWSKY, LLP
Priscilla W. Grannis
Florida State Bar No. 0055948
6017 Pine Ridge Road, #341
Telephone: (239) 591-8417
Facsimile: (239) 591-8437
Email: priscilla@rjlaw.com

Attorneys for Plaintiff Bonita Packing Company
d/b/a Bonipak Produce Company

## ORDER

HAVING REVIEWED AND CONSIDERED the foregoing Stipulation and Order, and it appearing to the satisfaction of the court that relief in accordance with the terms of the Stipulation and Order should be entered, it is hereby

ORDERED that the Stipulation is approved; and

IT IS ORDERED that this case be administratively closed, but may be reopened to enforce the terms of the Stipulation and Order.

Dated: 11-30, 2009.

_____
United States District Court Judge

**Exhibit 1**

Case 1:09-cv-09260-PKC    Document 5    Filed 11/30/2009    Page 6 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BONITA PACKING CO. d/b/a<br>BONIPAK PRODUCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>THE ALPHAS COMPANY, INC., THE ALPHAS COMPANY OF NEW YORK, INC., PETER S. ALPHAS and JOHN S. ALPHAS a/k/a YANNI ALPHAS,<br><br>Defendants. | § CASE NO. 09-CV-9260<br>§<br>§ Judge: P. Kevin Castel<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## FINAL ORDER AND JUDGMENT

Pursuant to the terms of the Stipulation and Order, this Court is to enter this Final Order and Judgment upon the filing of a declaration by Plaintiff's attorney that states that payment has not been made by Defendants as required by the Stipulation and Order previously entered in this matter and that Defendants have failed to cure the default in payment. Upon consideration of the declaration filed by Plaintiff's attorney that Defendants have failed to make payment in accord with the Stipulation and Order filed in this action, it is by the Court, this _____ day of _____, 20__,

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is a valid trust beneficiary of Defendants The Alphas Company, Inc., Peter S. Alphas and John S. Alphas aka Yanni Alphas, jointly and severally, for a debt in the amount of $_____, plus interest in the aggregate amount of _____, under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c); and it is further,

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is a valid trust beneficiary of Defendants The Alphas Company of New York, Inc., Peter S. Alphas and

John S. Alphas aka Yanni Alphas, jointly and severally, for a debt in the amount of $_____, plus interest in the aggregate amount of _____, under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c); and it is further

ORDERED, ADJUDGED AND DECREED, that Plaintiff is entitled to recover its attorneys' fees and costs in the amount of $_____, and that said attorneys' fees and costs are subject to the trust provisions of PACA; and it is further

ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of Plaintiff and against Defendants The Alphas Company, Inc., The Alphas Company of New York, Inc., Peter S. Alphas and John S. Alphas aka Yanni Alphas, jointly and severally, in the principal amount of $_____, plus interest in the aggregate amount of $_____plus attorneys' fees in the amount of $_____, for a total judgment amount of $_____, plus post-judgment interest at the rate specified in 28 U.S.C. §1961 until paid in full under the trust provisions of the PACA, 7 U.S.C. § 499e(c).

                                                            _____
                                                            Judge P. Kevin Castel
                                                            U.S. District Court